**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CIVIL ACTION**

**IN RE BORDELON MARINE, INC.**                    **No. 11-1473**

**SECTION "E"**

**ORDER AND REASONS**

Before the Court is petitioner Bordelon Marine, Inc.'s ("Bordelon Marine") Motion in Limine to Limit and/or Exclude the Testimony of Plaintiff's Experts, R. Douglas Womack Ph.D. and Stephanie Chalfin, M.S.[1]  For the reasons set forth below, the Motion is **DENIED IN PART**, and **DISMISSED AS MOOT IN PART**.

**BACKGROUND**

This case arises out of plaintiff/complainant Ernest Bosarge's ("Bosarge") alleged injuries suffered while working as a captain on Bordelon Marine's vessel, the M/V EMILY BORDELON, on or about December 12, 2010.  On June 22, 2011, Bordelon Marine filed a Complaint with the Court, seeking exoneration from or limitation of liability for this alleged accident.[2]  On July 13, 2011, Bosarge filed an Answer and Claim, answering Bordelon Marine's Limitation Complaint and making claims for damages as a result of the accident.[3]  During the course of this litigation, Bosarge hired Dr. R. Douglas Womack ("Dr. Womack"), an economist, and Stephanie Chalfin ("Ms. Chalfin"), a rehabilitation counselor, both of whom prepared reports on how the accident has

---

[1] R. Doc. 44.

[2] R. Doc. 1.

[3] R. Doc. 5.

1

affected Bosarge.  Dr. Womack's report[4] focuses on the "economic loss" suffered by Bosarge as a result of the accident.  The first section ("Table 1") of Dr. Womack's report lists the "key assumptions" he made in preparing his report, and the second section ("Table 2") contains Dr. Womack's opinion on the economic loss suffered by Bosarge, based on the Bureau of Labor Statistics's Worklife Expectancy numbers and Dr. Womack's other "key assumptions."[5]  Ms. Chalfin's report[6] is a "vocational evaluation" of Bosarge. Ms. Chalfin's report discusses Bosarge's work history, and provides her opinion how the accident has affected and will continue to affect Bosarge's ability to work.

## ANALYSIS

The Federal Rules of Evidence govern petitioner's motion to exclude or limit the reports of Bosarge's experts.  *See Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5 Cir. 2002).  Rule 702 provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

This rule applies not only to testimony based on scientific knowledge, but also to testimony of engineers and other experts that is based on technical or specialized knowledge.  *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5 Cir. 2002); *citing Kumho Tire Co. v. Carmichael*, 526 U.S.

---

[4] *See* R. Doc. 44-4.

[5] On May 15, 2012, the Court conducted a telephone status conference with the parties in this case after it was determined that Dr. Womack would not be available to testify at the trial of this matter.  At this conference, the parties agreed, subject to the Court's ruling on this motion in limine, that Table 1 and Table 2 will be admissible at the trial of this matter, in lieu of Dr. Womack's live testimony, but that Table 3 will not.  R. Doc. 59.

[6] *See* R. Doc. 44-5.

137, 141 (1999). This rule requires the trial court to act as a "gatekeeper," tasked with making a preliminary assessment to determine whether the expert testimony is both reliable and relevant. *See Pipitone*, 288 F.3d at 243-44; *citing Daubert v. Merrell Dow Pharm.*, Inc., 509 U.S. 579, 592-93 (1993).

There is no jury demand in this case, meaning that the Court is the trier of fact. "Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district court judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5 Cir. 2000). "*Daubert* requires a binary choice - admit or exclude - and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *Thompson v. Rowan Cos.*, 2007 WL 724646, at *1 (E.D. La. 2007); quoting *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003). Even still, expert testimony should be excluded if the court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge." *Peters v. Five Star Marine Serv.,* 898 F.2d 448, 450 (5 Cir. 1990). Likewise, expert testimony should be excluded in a bench trial if the Court finds that the proferred testimony deals only with common sense issues with which the Court, in its role as trier of fact, needs no expert assistance to resolve. *See, e.g. Thomas v. Global Explorer*, *LLC*, 2003 WL 943645, at *2 (E.D. La. 2003). As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility, and should be left for the finder of fact. See *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5 Cir. 2004).

With respect to the two sections of Dr. Womack's report that the parties have agreed will be admitted at the trial of this matter, the Court finds that Dr. Womack's opinions are reliable and

relevant.  Dr. Womack's report contains his opinions on the economic loss allegedly suffered by Bosarge as a result of his accident, and bases those opinions on certain factual and numerical assumptions and calculations.  The Court finds that the opinions contained within Dr. Womack's report will assist the Court in its role as trier of fact, as they are not "common sense" issues with which the Court needs no expert assistance to resolve.  *See Thomas*, at *2.  Therefore, Dr. Womack's report meets the two-pronged test from *Daubert* for the admissibility of expert testimony.  While petitioner's motion in limine attacks the validity of those assumptions, this is a bench trial, and the Court will make determinations as to Dr. Womack's credibility as an expert witness, and assign due weight to his report, if any at all, when it is admitted into evidence at trial.  *See Gibbs*, 210 F.3d at 500.  Likewise, the Court will consider any report or testimony offered by Bordelon Marine's expert economist, make the necessary credibility determinations, and weigh that evidence against the evidence in Dr. Womack's report.

With respect to Ms. Chalfin's report, counsel for Bordelon Marine has withdrawn its motion in limine to limit or exclude her report.  As a result, the Court will not address the arguments set forth by Bordelon Marine with respect to this report.

Accordingly, **IT IS ORDERED** that Bordelon Marine's Motion in Limine to Limit and/or Exclude the Testimony of Plaintiff's Expert R. Douglas Womack, Ph.D. be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that Bordelon Marine's Motion in Limine to Limit and/or Exclude the Testimony of Plaintiff's Expert Stephanie Chalfin, M.S. be and hereby is **WITHDRAWN**, and is therefore **DISMISSED AS MOOT.**

New Orleans, Louisiana, this <u>17th</u> day of May, 2012.

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**