UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: BORDELON MARINE, INC. | CIVIL ACTION |
| | NO: 11-1473 |
| | SECTION: "E" (4) |

## ORDER

Before the Court is a **Motion to Compel Plaintiff to Attend and Independent Medical Examination with Urologist, Dr. Neil Baum and a Vocational Rehabilitation Evaluation with Carla Seyler (R. Doc. 30)**, filed by Petitioner Bordelon Marine, Inc. ("Bordelon"), seeking an order from this Court requiring Claimant Ernest Bosarge ("Bosarge") to appear for an independent medical examination with urologist, Dr. Neil Baum, and a vocational rehabilitation evaluation with Carla Seyler in New Orleans, Louisiana. Bordelon also requests this Court extend the expert deadline for Dr. Neil and Ms. Seyler, as well as any other experts reports the parties may need to rely upon. Bosarge opposes the motion. (R. Doc. 36.) The motion was heard with oral argument on April 25, 2012.

### I.     Factual Background

This limitation action was filed by Bordelon pursuant to the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* Bordelon is the owner of M/V EMILY BORDELON. (R. Doc. 1, ¶ IV.) Bosarge was a captain aboard the M/V EMILY BORDELON, and an employee of Bordelon. (R. Doc. 1, ¶ XVIII.) On December 12, 2010, the M/V EMILY BORDELON

encountered rough seas on the Mississippi River, causing Bosarge to fall out of his bunk bed and injure his neck and/or back. (R. Doc. 1, ¶¶ VI, XX.)

In his answer to the limitation action, Bosarge alleges that he suffered serious and disabling injuries to his neck, back, spine, and body as a whole, as well as lost past wages and loss of future earning capacity. (R. Doc. 5, ¶¶ 29, 38.) Bosarge has further testified that he is unable to have sexual relations with his wife due to the injuries he sustained. Bosarge contends that Bordelon has unlawfully denied him maintenance and cure benefits. (R. Doc. 5, ¶ 40.)

Bordelon claims in its limitation action that Bosarge's alleged injuries were pre-existing, and that he misrepresented his pre-existing health condition to Bordelon. (R. Doc. 1, ¶¶ XXII-XXIII.) Thus, he is not entitled to maintenance and cure benefits. (R. Doc. 1, ¶ XXIV.) Bordelon also alleges that it is not liable for Bosarge's, or any other claimant's injuries, and that the Court should enjoin further prosecution of any claims against it. (R. Doc. 1, *Prayer for Relief*.)

As to the instant motion, Bordelon seeks an order from this Court requiring Bosarge to submit to an independent medical examination ("IME") with urologist, Dr. Neil Baum, and a vocational rehabilitation evaluation ("VRE") with Carla Seyler in New Orleans. Bordelon also requests this Court extend the expert deadline for Dr. Neil and Ms. Seyler, as well as any other expert reports who the parties may need to rely upon.

Bordelon contends that the only real dispute is whether Bosarge should be required to travel to New Orleans for the examinations. Bordelon argues that Bosarge should be required to attend the examinations in the forum in which the lawsuit was filed. Bordelon contends that it has offered to reduce the cost to Bosarge by paying for his mileage and a hotel room the night before the examination.

Bosarge concedes that an IME and an VRE are warranted, and that the only real dispute is the location of the examinations. In opposition, Bosarge argues that good cause does not exist to require him to travel 214 miles for the examinations. Bosarge further contends that it was Bordelon that chose the forum, not him, thus he should not be required to travel to New Orleans for the examinations.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 35 provides in pertinent part that a court may order a party "to submit to a physical or mental examination by a suitably licensed or certified examiner" when the mental or physical condition of that party is in controversy. Fed.R.Civ.P. 35(a)(1). The court may issue such an order "on motion for good cause and upon notice to all parties and the person to be examined" which specifies "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed.R.Civ.P. 35(2).

Thus, there is a two-part test for determining whether the motion will be granted. First, the physical or mental state of the party must be in controversy. Second, the moving party must show good cause as to why the motion should be granted. *Schlagenhauf v. Holder*, 379 U.S. 104, 106 (1964). "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Id.* at 118. A "plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* at 119.

"The decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion." *Glaze v. Bud's Boat Rental, Inc.*, No. 93-1334, 1993

U.S. Dist. LEXIS 15218, at *2 1993 WL 441890, at *1 (E.D. La. Oct. 21, 1993) (citing *Cola-Cola Bottling v. Torres*, 255 F.2d 149 (5th Cir. 1958). Furthermore, "[a]lthough Rule 35 examinations may be ordered 'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie v. Fla. Marine Transporters, Inc.*, No. 04-0699, 2006 WL 2547047, at *2, 2006 U.S. Dist. LEXIS 65805, at *4-5 (W.D. La. Aug. 31, 2006).

### III. Analysis

#### A. Good Cause for the IME

Here, the parties do not dispute that Bosarge's physical condition is in controversy or that there is good cause for an IME and a VRE. Instead, the parties disagree on the location of the IME. Accordingly, the Court's analysis will focus on that issue.

#### B. Location of the IME

In support of their motion, Bordelon argues that the IME and the VRE should take place in New Orleans, where the limitation action was filed. Bordelon contends that it has offered to reduce any inconvenience to Bosarge by scheduling both examinations on the same day, paying for his mileage, and putting him up in a hotel room the night before the examination. Bordelon argues that it is entitled to use the urologist of its choosing in New Orleans, and that Ms. Seyler, the vocational rehabilitation expert, should not be required to travel outside of New Orleans, as requiring her to do so would unnecessarily increase the costs of the litigation.

During the hearing, counsel for Bordelon further contended that Bosarge chose to proceed in this forum by failing to request the matter be transferred to the Western District of Louisiana, or that the presiding District Judge lift or modify the stay on any proceedings outside of this limitation

4

action.

In opposition, Bosarge argues that, given his physical condition, he should not be forced to travel four (4) hours each way for an IME and a VRE in New Orleans. He contends that he previously offered to be examined in Lafayette, Lake Charles, Alexandria, or Beaumont, Louisiana, which are closer to his home, and that Ms. Seyler, has already agreed to travel to Lafayette or Bosarge's home for the evaluation.

He also contends that the general rule that a plaintiff make himself available for examination in the forum in which the lawsuit was filed does not apply because Bosarge is not the plaintiff. Rather, he is the Claimant in a limitation action, who did not chose this forum. Counsel for Bosarge further argued that Bordelon has failed to established that there are no qualified urologists or vocational rehabilitation experts in the Western District of Louisiana.

After considering the parties' arguments, the Court concluded that the independent medical examination and a vocational rehabilitation evaluation should be conducted at a location closer to Bosarge. Thus, the Court denied Bordelon's request that Bosarge be required to appear for both examinations in New Orleans.

Regarding Bordelon's request that the Court extend its May 11, 2012 expert report deadline, counsel for Bosarge informed the Court that he be flexible and work with counsel for Bordelon regarding his submission of expert reports without regard to the deadline. Counsel for both parties further agreed to notify the Court if Bordelon was unable to meet the deadline and an extension of the deadline was necessary. Accordingly the Court denied Bordelon's request. As of the date of this order, neither party has informed the Court that an extension of Bordelon's expert report deadline is necessary.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Motion to Compel Plaintiff to Attend and Independent Medical Examination with Urologist, Dr. Neil Baum and a Vocational Rehabilitation Evaluation with Carla Seyler (R. Doc. 30)** is **DENIED**.

New Orleans, Louisiana, this 25th day of May 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**