# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE BORDELON MARINE, INC.** | **CIVIL ACTION**<br>**No. 11-1473**<br>**SECTION "E"** |

## ORDER AND REASONS

Before the Court is petitioner/defendant Bordelon Marine, Inc.'s ("Bordelon") Motion in Limine to Limit and/or Exclude the Testimony of Plaintiff's Expert, Hector V. Pazos.[1] For the reasons set forth below, the Motion in Limine is denied without prejudice.

## BACKGROUND

This case arises out of plaintiff/complainant Ernest Bosarge's ("Bosarge") alleged injuries suffered while working as a captain on Bordelon's vessel, the M/V EMILY BORDELON, on or about December 12, 2010. On June 22, 2011, Bordelon filed a Complaint with the Court, seeking exoneration from or limitation of liability for this alleged accident.[2] On July 13, 2011, Bosarge filed an Answer and Claim, answering Bordelon's Limitation Complaint and making claims for damages as a result of the accident.[3]

During the course of this litigation, Bosarge hired Hector V. Pazos ("Pazos") to testify as an expert witness. Pazos' report, dated April 9, 2012 and attached as Exhibit "A" to Bordelon's Motion in Limine, contains five "Conclusions and Opinions": (1) that Bordelon's management personnel acted negligently by issuing specific orders to one of the captains

---

[1] R. Doc. 43.

[2] R. Doc. 1.

[3] R. Doc. 5.

1

of its vessel[4] to depart protected waters and navigate towards a destination requiring the vessel to sail into head seas at a time when the sea conditions were known to be dangerous; (2) that Bordelon's fleet commander, acting on behalf of Bordelon, acted "improperly and dangerously" by ordering, in a threatening way, one of the vessel's captains to sail head-on into "knowingly dangerous sea conditions, while there were other safer solutions;" (3) that after 12-13 hours at the wheel, Bosarge went to rest while the vessel was in protected waters, without being aware of his fellow captain's "plans and decision" regarding the itinerary to be navigated; (4) that Bosarge's fellow captain made the decision to "take the serious risk of sailing against dangerous seas" out of concern he would be fired if he did not follow the fleet commander's order; and (5) that the bunk used by Bosarge was "not safe for sleeping purposes when the vessel is pitching and slamming into heavy seas."[5]

## ANALYSIS

Bordelon concedes that Pazos is qualified to testify as a naval architect and marine engineer with respect to the fifth conclusion in the report, relating to the design and safety of the bunk, and Pazos will be allowed to testify on this topic.[6] The Motion in Limine seeks only to exclude Pazos' testimony with respect to conclusions and opinions one through four in the report, asserting that Pazos is either not qualified to testify with respect to those issues, or that his testimony would be irrelevant or unreliable.

---

[4] On the date in question, the M/V EMILY BORDELON had two captains: Mike Huckaba ("Huckaba"), the "first captain," and Bosarge, the "second captain." The two captains worked in alternating twelve hour shifts, with Huckaba taking the "noon to midnight" shift, and Bosarge taking the "midnight to noon" shift.

[5] *See* R. Doc. 43-4 (Pazos' Report).

[6] *See* R. Doc. 76 (Minute Entry from May 23, 2012 Status Conference).

The Federal Rules of Evidence govern petitioner's motion to exclude or limit testimony with respect to the first four conclusions in Pazos' report. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5th Cir. 2002). Rule 702 provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. This rule applies not only to testimony based on scientific knowledge, but also to testimony of engineers and other experts that is based on technical or specialized knowledge. *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002); *citing Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). This rule requires the trial court to act as a "gatekeeper," tasked with making a preliminary assessment to determine whether the expert testimony is both reliable and relevant. *See Pipitone*, 288 F.3d at 243-44; *citing Daubert v. Merrell Dow Pharm.*, Inc., 509 U.S. 579, 592-93 (1993).

There is no jury demand in this case, meaning that the Court is the trier of fact. "Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district court judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). "*Daubert* requires a binary choice - admit or exclude - and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *Thompson v. Rowan Cos.*, 2007 WL 724646, at *1 (E.D. La. 2007); quoting *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003). As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than

its admissibility, and should be left for the finder of fact. *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir.1996).

Pazos' report covers a broad range of topics, some of which may be outside of Pazos' agreed expertise in naval architecture and marine engineering.[7] Furthermore, the opinions may be on topics that will not be helpful to the Court in its role as trier of fact, as they may not be relevant or they may be on topics with which the Court is readily familiar and does not need the assistance of an expert to understand. The Court notes that some of Pazos' "Conclusions and Opinions" appear to be on issues that are reserved exclusively for the trier of fact (i.e. determinations of the facts based on the witnesses' testimony and assessments of the credibility of those witnesses). To the extent that this is the case, the testimony must be excluded.

The Motion in Limine is denied without prejudice with respect to testimony regarding conclusions one through four of Pazos' report. Following the introduction of testimony at the trial of this matter, the Court will either exclude testimony regarding those opinions or admit the testimony and assign it the weight it deserves.

Accordingly, **IT IS ORDERED** that Bordelon's Motion in Limine be and hereby is **DENIED WITHOUT PREJUDICE.** The objections to opinions one through four contained in the Motion in Limine may be re-urged at the trial of this matter.

**New Orleans, Louisiana, this __2nd__ day of June, 2012.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[7] It is not entirely clear at this point in what areas, if any, Pazos claims to be an expert beyond naval architecture and marine engineering, or in which of these areas Bosarge intends to offer Pazos as an expert. This issue will be clarified when Pazos is offered as an expert at the trial of this matter.